## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>ANAPLAN, INC., FRANK CALDERONI, DAVID CONTE, SANDESH PATNAM, SUE BOSTROM, BOB BEAUCHAMP, SURESH VASUDEVAN, YVONNE WASSENAAR, ALLAN LEINWAND, and BROOKE MAJOR-REID,<br><br>    Defendants. | Case No. _____<br><br><u>JURY TRIAL DEMANDED</u><br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1. On March 20, 2022, Anaplan, Inc. ("Anaplan" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Alpine Parent, LLC ("Parent") and Alpine Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Anaplan's stockholders will receive $66.00 in cash per share.

3. On May 2, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Anaplan common stock.  Plaintiff resides in this District.

9. Defendant Anaplan is a Delaware corporation.  Anaplan's common stock is traded on the New York Stock Exchange under the ticker symbol "PLAN."

10. Defendant Frank Calderoni is Chief Executive Officer and Chairperson of the Board of Directors of Anaplan (the "Board").

11. Defendant David Conte is a member of the Board.

12. Defendant Sandesh Patnam is a member of the Board.

13. Defendant Sue Bostrom is a member of the Board.

14. Defendant Bob Beauchamp is a member of the Board.

15. Defendant Suresh Vasudevan is a member of the Board.

16. Defendant Yvonne Wassenaar is a member of the Board.

17. Defendant Allan Leinwand is a member of the Board.

18. Defendant Brooke Major-Reid is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Anaplan offers cloud-based business planning and a performance management platform based on a single hub where business users can create and use models.

21. The Company also provides professional services, including consulting, implementation, and training.

22. On March 20, 2022, Anaplan entered into the Merger Agreement.

23. The press release announcing the Proposed Merger provides as follows:

Anaplan, Inc. ("Anaplan" or the "Company") (NYSE: PLAN), provider of a leading cloud-native platform for orchestrating business performance, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, for $66.00 per share in an all-cash transaction valued at approximately $10.7 billion. The offer represents a premium of approximately 46% to the volume weighted average price of Anaplan stock for the five days ending March 18, 2022. Upon completion of the transaction, Anaplan will become a privately held company.

"We are thrilled to partner with Thoma Bravo to build on the strength of our innovative platform and capitalize on the massive opportunity and incredible demand we are seeing," said Frank Calderoni, Chairman & Chief Executive Officer. "This is a clear validation of our team's outstanding work and the start of an exciting new chapter for Anaplan, our customers, and our partner ecosystem. We are confident that Thoma Bravo's resources and insights will help us accelerate and scale our growth strategy."

"Anaplan is a clear leader in Connected Planning, solving critical business priorities for the world's largest enterprises as they implement strategic and complex digital transformations," said Holden Spaht, a Managing Partner at Thoma Bravo. "We have followed Anaplan for years and have seen the incredible value they bring

customers through their best-in-class planning platform. We look forward to leveraging Thoma Bravo's extensive operational and investment expertise in enterprise software to support Anaplan in its future growth."

"Anaplan has built a tremendously successful business through product innovation and a rigorous approach to delivering value for their customers and partner ecosystem," said Tara Gadgil, a Partner at Thoma Bravo. "We look forward to working closely with Anaplan's talented and experienced team to continue delivering cloud-native SaaS solutions at scale."

Thoma Bravo will use its significant experience supporting industry-leading, growing software franchises, as well as its financial and operational resources, to accelerate Anaplan's strategy. Anaplan's best-in-class innovative platform, time to value, and brand reputation will be priorities for Thoma Bravo. The intention is to attract and retain customers, employees, and partners to continue leading the large and expanding Connected Planning segment.

**Transaction Details**

The transaction, which was unanimously approved by the Anaplan Board of Directors, is expected to close in the first half of 2022 subject to customary closing conditions, including approval by Anaplan stockholders and regulatory approval. Upon completion of the transaction, Anaplan's common stock will no longer be listed on the New York Stock Exchange.

**Advisors**

Goldman Sachs & Co. LLC and Qatalyst Partners are acting as financial advisors and Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP and Skadden, Arps, Slate, Meagher & Flom LLP are serving as legal advisors to Anaplan. Kirkland and Ellis LLP is serving as legal counsel to Thoma Bravo. Financing for the transaction is being provided by Owl Rock Capital, Blackstone Credit, Golub Capital and Apollo Global Management through their respective managed funds.

24.     On May 2, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

25.     The Proxy fails to disclose material information regarding Anaplan's financial projections, specifically: the line items underlying the financial projections.

4

26.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

27.     The Proxy fails to disclose material information regarding the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs") and Qatalyst Partners ("Qatalyst"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

28.     Regarding Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Goldman Sachs; (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Goldman Sachs; (iii) the cash tax savings from federal net operating losses utilized by Goldman Sachs; (iv) the net debt utilized by Goldman Sachs; and (v) the number of fully diluted shares outstanding utilized by Goldman Sachs.

29.     Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose (i) the inputs and assumptions underlying the discount rate and multiples utilized by Goldman Sachs; (ii) the net debt utilized by Goldman Sachs; and (iii) the fully diluted shares utilized by Goldman Sachs.

30.     Regarding Goldman Sachs' Premia Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Goldman Sachs; and (ii) the premiums paid in the transactions utilized by Goldman Sachs.

31. Regarding Qatalyst's Illustrative Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Qatalyst; (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Qatalyst; (iii) the federal tax savings utilized by Qatalyst; (iv) the value of finance leases utilized by Qatalyst; (v) the cash and cash equivalents utilized by Qatalyst; and (vi) the fully diluted shares utilized by Qatalyst.

### COUNT I

**Claim Against the Individual Defendants and Anaplan for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. Anaplan is liable as the issuer of these statements.

35. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

36. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

39. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Anaplan within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of Anaplan and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to

control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

  E.  Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

  F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  May 5, 2022        **GRABAR LAW OFFICE**

            By: _____
            Joshua H. Grabar (#82525)
            One Liberty Place
            1650 Market Street, Suite 3600
            Philadelphia, PA 19103
            267-507-6085
            jgrabar@grabarlaw.com

            *Counsel for Plaintiff*